```
                    UNITED STATES DISTRICT COURT

                    MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL ACTION

MYLES RAY SCOTT                                 NUMBER 03-107-RET-SCR
```

                            NOTICE AND ORDER

Petitioner Myles Ray Scott filed this Pro Se Nunc Pro Tunc Motion Based on Defendant's "Actual Innocence" of the Illegal Conviction and or the Illegal Sentence Enhancement for Count One of the Indictment for (Possession of a Firearm by a Convicted Felon). Record document number 41.

Petitioner is placed on notice that the court intends to re-characterize the pleading as one brought pursuant to 28 U.S.C. § 2255. This re-characterization means that any subsequent habeas corpus application brought pursuant to 28 U.S.C. § 2255 will be subject to the restrictions on "second or successive" motions as described by 28 U.S.C. § 2244. *See Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786 (2003).

In order to overcome the prohibition against the filing of a successive claim under that section, the petitioner must establish one of the following exceptions:

    1)    the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)    (i) the factual predicate for the claim could not have been discovered previously through the

>   exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In addition, before a successive petition can be considered on the merits by this court, the petitioner must obtain authorization to file a successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this court would be without jurisdiction to proceed.

Therefore;

IT IS ORDERED that within 20 days from the date of this order the petitioner shall either voluntarily dismiss the complaint pursuant to Rule 41, Fed.R.Civ.P., or amend it to include all § 2255 claims he desires to raise. Petitioner is not limited to the claims raised in his original motion.

Baton Rouge, Louisiana, July 23, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE