UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS                                              CRIMINAL ACTION

MYLES RAY SCOTT                                     NUMBER 03-107-RET-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 24, 2009.

                                              STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES

VERSUS                                             CRIMINAL ACTION

MYLES RAY SCOTT                                    NUMBER 03-107-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Pro Se Nunc Pro Tunc Motion Based on "Actual Innocence" of the Illegal Conviction and or the Illegal Sentence Enhancement for Count One of the Indictment for (Possession of a Firearm By a Convicted Felon) filed by petitioner Myles Ray Scott. Record document number 41. The court will consider the motion as a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255.[1]

Pursuant to a written plea agreement the petitioner pled guilty to one count possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and to one count possession of cocaine base in violation of 21 U.S.C. § 844(a).[2] On February 5, 2004, the petitioner was sentenced to 168 months in the custody of

---

[1] Petitioner was placed on notice that the court intended to re-characterize his Pro Se Nunc Pro Tunc Motion as one brought pursuant to 28 U.S.C. § 2255. Petitioner was ordered to either voluntarily dismiss the complaint pursuant to Rule 41, Fed.R.Civ.P., or amend it to include all § 2255 claims he desired to raise. Record document number 44. Petitioner responded to the court's order by filing two amendments to his § 2255 motion. Record document numbers 48 and 50.

[2] Record document number 22.

1

the United States Bureau of Prisons.[3]  Petitioner did not appeal his convictions and sentences.

Petitioner signed his § 2255 motion on June 5, 2008, and it was filed on June 13, 2008.  Petitioner raised three grounds for relief challenging his conviction for possession of a firearm by a convicted felon (Count 1): (1) he is actually innocent of the crime charged in Count 1 of the indictment because his state civil rights to possess a firearm were fully restored at the time of arrest; (2) the court erred when it determined that the defendant's prior simple robbery conviction qualified as a violent felony or crime of violence within the meaning of the Armed Career Criminal Act for purposes of Guidelines enhancements; and (3) the court erred in failing to correct factual inaccuracies in the Presentence Investigation Report regarding prior related cases for purposes of sentencing.

No evidentiary hearing is required.  Petitioner's § 2255 motion is untimely.

Under § 2255, as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody under sentence of a court established by Act of Congress has a one year period within which to file a motion to vacate, set aside or correct the sentence.  The limitation period would normally run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. §

---

[3] Record document number 35.

2

2255(f)(1). A conviction is final when a judgment of conviction has been rendered, the availability of appeal has been exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari is finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 712 n. 6 (1987).

From the date the petitioner's conviction became final until June 5, 2008, the date petitioner signed his § 2255 application, more than one year of the limitations period elapsed. Petitioner's § 2255 motion was not timely filed.

In order for equitable tolling to apply, the applicant must diligently pursue his § 2255 relief. *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).

## Recommendation

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2255(f)(1).

Baton Rouge, Louisiana, November 24, 2009.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3